OLIVER CONLEN, SERGEANT-AT-ARMS OF THE DISTRICT COURT OF THE CITY OF ELIZABETH, v. SAMUEL LEMMERMAN AND HYMAN ROSS.

Submitted March 19, 1914—Decided March 27, 1915.

1. A sergeant-at-arms of a district court, who levies upon personal property under a writ of attachment issued out of that court, and leaves the property in the possession of the defendant, has such special ownership in the property levied upon as to entitle him to bring an action of replevin to recover the value of the property and damages for its detention.

2. The provisions of section 69 of the District Court act, that property attached shall be inventoried and appraised and safely kept by the officer, is obviously for the benefit of the plaintiff in attachment, and a defendant cannot escape the effect of the lien because the property attached was left in his possession, as he thereby merely became the bailee of the property.

3. A demand for the return of the property before institution of the replevin suit was not necessary under the facts of this case, and even if such demand and a refusal were essential, the failure thereof is not a ground for a nonsuit under section 28 of the Replevin act.

4. There having been sufficient proof to entitle the case to be submitted to the jury, a motion to direct a verdict for the defendants was properly denied.

5. If the action of replevin is brought under section 33 of the Replevin act, whereby the goods remain in the possession of the defendant, the value of the property as well as damages for its detention, may be recovered by the plaintiff.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *John J. Stamler.*

For the defendants, *William Greenfield.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought an action in replevin in this court against the defendant to recover eleven cows or their value and damages for their detention, which cows it was claimed the defendants wrongfully and unjustly detained from him. The action was commenced without the plaintiff giving bond in accordance with section 33 of the Replevin act. *3 Comp. Stat., p.* 4376.

The plaintiff is the sergeant-at-arms of the District Court of the city of Elizabeth, and as such is authorized under section 69 of the District Court act (*2 Comp. Stat., p.* 1977), to execute writs of attachment issued out of the court where he officiates.

On the 27th day of January, 1912, a writ of attachment was issued out of the District Court of the city of Elizabeth, at the suit of Gustav Kein, against the goods and chattels, &c., of one Hyman Ross, as an absconding and absent debtor, to satisfy an alleged indebtedness of $473.75, which Kein claimed represented the balance due him, Kein, from Ross,

for seventeen cows sold by Kein to Ross. The plaintiff executed the writ of attachment by attaching, among other property, eleven cows which he says he found in the barn on the Ross farm. He made an inventory and appraisement as required by section 69 of the District Court act referred to. He left the property attached in the possession of Ross. Kein, the plaintiff in the attachment proceedings, having heard that one Lemmerman, in conjunction with Ross, had removed the cows from the Ross farm into Lemmerman's possession, notified the plaintiff in the present action, who, on the 8th day of March, 1912, brought his action of replevin as before stated. The property replevied was left in the defendant's possession.

To the replevin action the defendant Lemmerman pleaded the general issue, *non-cepit*, and also specially that he did not remove the goods and chattels mentioned in the plaintiff's declaration, on the 27th day of January, 1912, belonging to Hyman Ross, &c. This so called special plea was in effect an additional plea of *non-cepit*, and wholly unnecessary.

There was a replication to this plea which traversed the facts set out therein and which created the issue already raised by the plea of *non-cepit*. Ross, it appears, had filed no plea to the action. On the trial of the case he was permitted, upon an application in his behalf, to file a like plea to that of his co-defendant.

The claim made by the defence was that on the 26th day of January, 1912, Ross had sold the cows, the number of which he testified to was nine and not eleven, to Lemmerman, the co-defendant, and that Lemmerman removed them on the following morning, at about eight o'clock, and that when the plaintiff made his levy, under the attachment at two o'clock in the afternoon of that day, there were no cows in the barn or on the premises. This raised two questions of fact, namely, did the plaintiff levy on the cows, and if so, were they at the time of the levy the property of Ross? Both of these questions were properly left by the trial judge to the jury for determination.

The reasons relied upon by counsel of defendant for a

rule absolute are grounded upon the contention that there was neither in law nor in fact any such ownership of the property by the plaintiff that entitled him to maintain an action of replevin against the defendants, and that the verdict was against the clear weight of the evidence.

The assertion that there was neither in law nor in fact any such ownership of the cows which entitled the plaintiff to bring an action of replevin embodies a mixed question of law and fact.

From the plaintiff's case it appears that there was testimony from which a jury could have properly concluded that the plaintiff attached eleven cows in the possession of Ross, and at the time made an inventory of the cows and appraised them in accordance with the requirement of section 69 of the District Court act, and then left them in the possession of Ross, as bailee, and that Ross, subsequently to the levy made under the writ, either sold the cows to Lemmerman or put them into Lemmerman's possession for the purpose of defeating the levy made under the attachment.

The legal question which these facts presented is, whether the plaintiff had an ownership in the cows by virtue of the levy under the writ of attachment that would entitle him to maintain an action in replevin. That the plaintiff had such special ownership of the cows, by virtue of his levy, under the writ of attachment, so as to be entitled to bring an action of replevin, cannot be successfully questioned under the decisions of our state.

In *Brink* v. *Decker*, 3 *N. J. L.* 462, it was held that a constable who had levied on two horses under an execution against the owner was entitled to maintain an action of trover and conversion against such owner for taking the horses out of the constable's possession and selling them.

In *Casher* v. *Peterson*, 4 *N. J. L.* 318, Chief Justice Kirkpatrick said: "There can be no doubt but that a constable having levied upon goods, has such a property in them as will maintain either trespass or trover. In this country it has not been the custom, nor is it necessary that the goods shall be actually removed by the officer."

*Dean* v. *Thatcher,* 32 *N. J. L.* 470, was an action in replevin brought by the sheriff against Dean, a constable, to recover a sorrel mare, which Dean, as constable, seized by virtue of an execution issued out of a justice's court upon a judgment obtained therein against Hugh E. Anderson, the general owner thereof. It appeared that prior to the constable's levy, the sheriff had levied on the mare, by virtue of an execution issued out of the Common Pleas, upon a judgment by confession entered therein in favor of one Daniel H. Anderson. In accordance with instructions from the judgment creditor, the sheriff left the mare in possession of the judgment debtor. This was the posture of affairs when the constable, Dean, seized the mare by virtue of the execution out of the justice's court. The question was raised as to the right of the sheriff, under these circumstances, to maintain the action of replevin. Justice Bedle, speaking for the Court of Errors and Appeals, on page 476, said: "Several errors are assigned that have reference to the right of property in the plaintiff, necessary to maintain this action of replevin. The sheriff had a special property in the mare, by virtue of his execution and levy with the right of immediate possession. The defendant was merely the bailee of the officer, and his possession was the constructive possession of the officer. The sheriff could maintain his action of replevin for the mare, and his rights under the levy were not defeated, by the instructions to the sheriff, to leave the property levied on in the possession of the defendant, and not to proceed to a sale of it until further order."

In *Adams* v. *State,* 45 *N. J. L.* 448, Justice Knapp, on page 450, speaking for this court, says: "The general property of goods levied on by execution is in the debtor and remains in him until they are sold for the purpose of satisfying the execution; but the officer who levies acquires a special property in those goods which entitle him to their possession until satisfaction be made of the execution."

This case goes to the extent to hold that a special ownership in property will sustain a charge of larceny against the general owner where it appears that the general owner took

property with the fraudulent intent to charge the special owner with their value.

The defendant's contention is that no lien was acquired under section 69 of the District Court act, because by virtue of that section it became an essential requisite to constitute a valid lien that the property attached shall be taken into safe-keeping by the officer attaching and that his failure to do so avoids any lien, by virtue of this provision. The provision reads: "The property attached shall be inventoried and appraised by the officer, with the assistance of one disinterested person, and safely kept by the officer, and his inventory and appraisement shall be annexed to and returned with the writ, and such writ shall bind the property attached from the time of executing the same."

It is obvious that the clause that the property be safely kept by the officer is for the benefit of a plaintiff in attachment and a plaintiff would undoubtedly have good cause to complain where this duty was omitted to be performed without his consent. But it is difficult to perceive upon what sound legal theory a defendant in attachment can rightfully complain of and escape the binding efficacy of the lien of the writ merely because the property attached was left in his actual possession.

By virtue of the levy made under the writ of attachment in the case at bar, the plaintiff acquired a special ownership in the property levied on and did not lose his special ownership therein by leaving it in the possession of the defendant Ross, who thereby became the bailee thereof. *Fox* v. *Cronin,* 47 *N. J. L.* 493; *Knickerbocker Trust Co.* v. *O'Rourke,* 74 *Id.* 53.

The refusal of the trial judge, therefore, to grant a nonsuit, upon the ground that the plaintiff had no such special ownership in the property which would entitle him to maintain an action of replevin, was proper.

The further ground urged, that the defendants were entitled to have the motion for nonsuit prevail, because the plaintiff failed to show that before he brought his action he made a demand for the return of the property, springs from

a misconception of counsel of defendants of the purport of section 28 of the Replevin act. 3 *Comp. Stat.*, *p.* 4375. The section was not applicable to the facts of the case under consideration and therefore there was no necessity of any proof of a demand and refusal.

And moreover the section referred to does not make the failure of a demand and refusal a ground for a nonsuit, but makes it a bar to a recovery by the plaintiff of costs under certain circumstances mentioned in the section, and which are not present here.

A further reason assigned by the defendants for setting aside the verdict is that after the close of the entire case the trial judge refused defendants' motion for a direction of a verdict in their favor.

As already pointed out there was sufficient in the plaintiff's proof to entitle the case to be submitted to the jury. Counsel of defendant has not referred us to anything in the defendants' proof, nor have we been able to discover anything therein which would constitute a complete bar to the plaintiff's right of recovery.

It is further insisted that the verdict is against the weight of the evidence and for that reason it should be set aside.

From a careful examination of the evidence, we cannot say that it is clearly against the weight of the evidence. The question for us to consider is not whether the jury might not have properly found upon the same state of facts a verdict for the defendants, but rather whether the verdict if it be wrong is so clearly wrong that it can be set aside. *Meritt* v. *Harper,* 44 *N. J. L.* 73; *Anders* v. *Knights of Honor,* 51 *Id.* 175.

Lastly, it is claimed by counsel of defendants, that the trial judge erred in allowing the plaintiff to recover the value of the cows and damages for their detention.

But the law is too firmly settled in this state to admit of any controversy.

In *Bishop & Bubcock* v. *Keffer,* 69 *N. J. L.* 47, it was held by this court that the pleadings in replevin in an action founded upon the thirty-third section of the Replevin act

are the same as in other cases; and that under proper pleadings the value of the property, as well as damages for its detention, may be recovered by the plaintiff in the same manner as could be recovered under section 10 of the act where the property replevied remained in the possession of the defendant.

That the plaintiff is entitled to recover the value of the property and damages for its detention, where such property remains in the defendant's possession by his giving a bond for that purpose, is confirmed by the following cases: *Harwood* v. *Smethurst*, 29 *N. J. L.* 195; *Field* v. *Post*, 38 *Id.* 346.

In *Field* v. *Post*, Chief Justice Beasley, on page 348, says: "It was by force of this statutory regulation (tenth section), that the value of the chattels was included in the damages; and now a question is made as to the effect of the judgment to be entered upon this verdict, the defendant claiming that such judgment should be conditional, to the effect that, either the goods must be returned, or the damages paid. But there is no color in the act for such a construction. The provision is for a judgment for damages, including the value of the chattels, and not for such damages or for a return of the chattels. Nor is the object of this provision either obscure or impolitic. As has been already shown, if the goods were not delivered in the writ of replevin, the common law authorized a judgment for their value; and where the statute authorizes such withholding on the giving of a bond there seems to be no reason why the same result should not follow."

To the same effect is *Lindauer* v. *Teeter*, 41 *N. J. L.* 255. In *Johnson* v. *Mason*, 64 *Id.* 258, the Court of Errors and Appeals distinctly holds that in an action under section 10 of the Replevin act, the plaintiff, if he succeeds, must take a judgment against the defendant in replevin for the value of the goods, and damages for their detention. It was also held that the defendant cannot return the goods in satisfaction of the judgment. See *Pedrick* v. *Kuemmell*, 74 *Id.* 379.

For the reasons given, the rule to show cause will be discharged.